**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------X    CIVIL ACTION NO.  **21CV7558**
JEFFREY LOPEZ,

                                  Plaintiff,
*on behalf of himself and all others similarly situated*,    **COLLECTIVE & CLASS**
                                                                                  **ACTION COMPLAINT**

                              -against-

MANHATTAN HEMATOLOGY ONCOLOGY
ASSOCIATES, P.C.,

                                  Defendant.
-------------------------------------------------X

**PLEASE TAKE NOTICE** that Plaintiff, on behalf of himself and all others similarly situated, as and for a Collective and Class action Complaint against Defendant, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this Collective and Class action on behalf of similarly situated hourly employees (the "Collective"), to seek redress for underpayment and late payment of minimum and overtime wages against Defendant, who is a provider of medical and/or healthcare services for its clients/patients in and around the City of New York and its metropolitan area.

2. Defendant, by failing to pay Plaintiff, the Collective and the Class the federal and state mandated overtime wage, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq* and the New York Labor Law ("NYLL") §§ 650 *et seq.*

3. Plaintiff brings this action on behalf of himself and all similarly situated current and former hourly employees of Defendant since October 2018 who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendant's violations of the wage and hour provisions of the FLSA which deprived Plaintiff and others similarly situated of their lawful minimum and overtime wages.

4. Plaintiff also brings this action on behalf of himself and all similarly situated current and former hourly employees of Defendant since October 2015 who elect to not opt out of this action pursuant to the NYLL, to remedy Defendant's violations of the wage and hour provisions of the NYLL which deprived Plaintiff and others similarly situated of their lawful minimum and overtime wages.

5. Plaintiff hereby seeks legal and declaratory relief against Defendant pursuant to federal and New York statutes.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) as Defendant resides, conducts business and employed Plaintiff in this judicial district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

9. Plaintiff is an adult individual who, at all times relevant to this Complaint, has been a resident citizen of the state of New York, County of Bronx.

10. At all times relevant to this Complaint, Plaintiff was an employee of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL §§ 651 and 190.

11. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA and NYLL.

12. Defendant Manhattan Hematology Oncology Associates, P.C. ("MHOA") is a domestic

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

professional service corporation doing business within the state and City of New York that maintains its principal place of business at 157 East 32nd Street, New York, NY 10016.

13. Defendant was at all times herein relevant an enterprise engaged in and/or affecting interstate commerce with annual revenues in excess of $500,000.00 and Plaintiff and others worked for Defendant in interstate commerce using the mails and wires and handling items which moved in interstate commerce, including but not limited to medical equipment, medical supplies, medical instruments, pens, papers, two-way radios, computers, office furniture, office equipment, office supplies, telephones, *inter alia*.

**STATEMENT OF FACTS**

14. Defendant at all relevant times herein employed Plaintiff as a full-time File Clerk in its offices located at 157 East 32nd Street, New York, NY 10016.

15. Plaintiff worked for Defendant from February 2019 until March 2020, Monday through Friday.  Plaintiff spent most of his work time on his feet, handling files, papers, equipment and supplies.

16. The job duties of Plaintiff, the Collective and the Class included, but were not limited to the following: handling and organizing patient and vendor files, greeting customers/patients and visitors, customer service, general labor; heavy and light cleaning and material moving, etc.

17. Defendant had the right to control, and in fact did control, the hours, hourly pay, assignments, and schedule of Plaintiff, the Collective and the Class. Plaintiff, the Collective and the Class were paid on a W-2 basis and evaluated by Defendant.

18. At all relevant times, Defendant failed to post and/or keep posted a notice explaining employees' rights under the FLSA**,** in violation of 29 C.F.R. § 516.4.

19. Plaintiff, the Collective and the Class worked eight (8) or twelve (12) hour shifts for Defendant and at all times herein relevant Defendant required Plaintiff, the Collective and the

Class to attend to and monitor their assigned posts throughout the duration of their respective work shifts; and controlled the manner in which Plaintiff did so in terms of frequency, priority and documentation, *inter alia*.

20. Defendant at all times monitored Plaintiff, the Collective and the Class' compliance with Defendant's guidelines, procedures and policies to ensure compliance therewith in the discharge of Plaintiff's job duties.

21. Throughout the duration of Plaintiff's tenure, Defendant required Plaintiff, the Collective and the Class to punch in and out every day in order to track hours worked.

22. Defendant paid Plaintiff, the Collective and the Class on an hourly basis without overtime payments after forty (40) hours per week. (Attached as Exhibit 1).

23. Throughout the duration of Plaintiff's tenure, Defendant paid Plaintiff, the Collective and the Class bi-weekly.

24. At all relevant times, Defendant failed to pay Plaintiff, the Collective and the Class overtime wages for hours worked in excess of forty (40) per week, in violation of the overtime provisions of the FLSA and NYLL.

25. For example, during the week of 2/9/19-2/15/19, Plaintiff worked Monday through Friday 9:00 am to 6:00 pm with an hour unpaid lunch and Saturday 9:00 am to 2:15 pm with an hour unpaid lunch, for approximately 44.25 hours.  Defendant paid Plaintiff $663.75.

26. For example, during the week of 2/23/19-3/01/19, Plaintiff worked Monday through Friday 9:00 am to 6:00 pm with an hour unpaid lunch and Saturday 9:00 am to 2:15 pm with an hour unpaid lunch, for approximately 44.25 hours.  Defendant paid Plaintiff $663.75.

27. As part of its regular business practice, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and NYLL including but not

limited to failing to pay Plaintiff, the Collective and the Class one and one half times their regular rates of pay for all hours worked in excess of forty (40) per week.

28. Upon information and belief, Defendant's unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

29. Defendant's unlawful conduct has been widespread, repeated and consistent; and was not undertaken based on advice of counsel nor guidance from a competent court or governmental agency.

30. Throughout Plaintiff's tenure, Defendant provided Plaintiff with pay statements with each payment of wages that did not include the correct overtime pay rates, overtime hours, the employer's DBA name and the employer's telephone number, *inter alia*.

## COLLECTIVE ALLEGATIONS

31. Plaintiff brings the FLSA claims on behalf of himself and all similarly situated persons who worked for Defendant as hourly non-exempt employees since October 2018 ("FLSA Collective").

32. Defendant is liable under the FLSA for failing to properly and promptly pay the minimum wage; and overtime wages for all hours worked greater than forty (40) per week.  As such, notice should be sent to the FLSA Collective.

33. There are numerous similarly situated current and former employees of Defendant who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join.

## CLASS ALLEGATIONS

34. Plaintiff sues on his own behalf and on behalf of a Class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

35. In addition to bringing this action as a proposed Collective action to remedy violations of the FLSA, Plaintiff also brings this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of: all current and former hourly employees working for Defendant during the six year period prior to the filing of the complaint.

36. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant, the Proposed Class is so numerous that joinder is impracticable.

37. The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 Class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

38. The Defendant has acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

39. Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and Class action litigation.

40. Plaintiff will fairly and adequately protect the interests of the Proposed Class. Plaintiff understands that, as a Class representative, he assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that Plaintiff must consider their interests just as he would represent and consider his own interests, and that he may not favor their own interests over those of the Class Members.

41. Plaintiff recognizes that any resolution of a Rule 23 Class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and that he may be called upon to testify in depositions and at trial.

42. Plaintiff has the same interests in this matter as all other members of the Proposed Class, and Plaintiff's claims are typical of the Proposed Class.

43. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class.

**FIRST CAUSE OF ACTION: MW & OVERTIME (29 U.S.C. §§ 206, 207, 216)**
**(On Behalf of Plaintiff and Collective Members)**

44. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

45. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

46. Plaintiff consents to be a party to this action, pursuant to 29 U.S.C. § 216(b).

47. At all times relevant to this action, Plaintiff and the Collective were employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

48. At all times relevant to this action, Plaintiff and the Collective were engaged in commerce and Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. Defendant violated the rights of Plaintiff and the Collective by failing to pay promptly minimum wage and overtime, in violation of the FLSA, 29 U.S.C. § 206-07.

50. Defendant's failure to pay promptly Plaintiff, the Collective and the Class minimum wage and overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

51. Defendant is liable to Plaintiff, the Collective and the Class who opt in to this action for their late paid and unpaid minimum wage and overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION: NYLL MW & OVERTIME (Labor Law §§ 652, 663)
(On Behalf of Plaintiff and Class Members)**

52. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

53. At all times relevant to this action, Plaintiff was Defendant's employee within the meaning of NYLL § 651(5).

54. At all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of NYLL § 651(6).

55. At all times relevant to this action, Defendant failed to pay promptly Plaintiff and the Class minimum wage and overtime wages for all hours worked greater than forty (40) per week in violation of NYLL § 652 and 12 N.Y.C.R.R. § 142-2.2.

56. Defendant willfully violated the rights of Plaintiff and the Class by failing to pay overtime wages due and owing for work performed in violation of NYLL.

57. Due to Defendant's NYLL violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid and late paid minimum wage and overtime wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 663.

**THIRD CAUSE OF ACTION: NY WAGE THEFT (Labor Law §§ 195, 198)**
**(On Behalf of Plaintiff and the Class)**

58. Plaintiff repeats the foregoing paragraphs in their entirety.

59. Defendant failed to provide Plaintiff and the Class with wage statements with each wage payment that contained all required information, such as hourly and overtime pay rates, hours worked, overtime hours worked, employer's DBA name, employer's telephone number, etc.

60. As a result of the foregoing, Defendant violated NYLL §§ 195(3) and Plaintiff and the Class are entitled to recover civil penalties and record-keeping violation liability from Defendant for the duration of said violations.

61. By reason of the aforesaid statutory violation, Defendant is liable to Plaintiff and the Class.

62. Defendant willfully violated the rights of Plaintiff and the Class by the aforementioned course of action.

**FOURTH CAUSE OF ACTION: NY WAGE PAYMENTS (Labor Law §§ 191, 193, 198)**
**(On Behalf of Plaintiff and the Class)**

63. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

64. At all times relevant to this action, Plaintiff was Defendant's employee within the meaning of NYLL § 190(2).

65. At all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of NYLL § 190(3).

66. At all times relevant to this action, Defendant failed to pay promptly and/or made deductions from Plaintiff and the Class' minimum wage and overtime wages for all hours worked greater

than forty (40) per week in violation of NYLL §§ 191 and 193.

67. Defendant willfully violated the rights of Plaintiff and the Class by failing to pay minimum and overtime wages due and owing for work performed in violation of NYLL.

68. Due to Defendant's NYLL violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid and late paid minimum wage and overtime wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be permitted to give notice of this Collective action, or that the Court issue such notice to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as an hourly employee. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper hourly compensation and/or overtime wages;

B. An award of unpaid minimum wage and overtime, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 216 and New York Labor Law § 663;

C. An award of liquidated damages for all late paid and unpaid minimum wage and overtime pursuant to 29 U.S.C. § 216 and NYLL § 663;

D. Certification of this case as a Collective action pursuant to 29 U.S.C. § 216 and a Class action pursuant to FRCP 23;

E. Designation of Plaintiff as representative of the Collective and Class, and counsel of record as Collective and Class Counsel; and

F. Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL.

**DEMAND FOR TRIAL BY JURY**

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all questions of fact.

Dated:  Brooklyn, New York

September 9, 2020

_____/s/_____
LAW OFFICE OF DAVID WIMS
BY: David C. Wims, Esq. (DW-6964)
*Attorneys for Plaintiff*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233
(646) 393-9550